UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Eugene Laron Johnson,

        Plaintiff,

v.

MCF – St. Cloud; S. Holzapfel, Nurse; and A. Zamora, Health Services Supervisor,

        Defendants.

Civ. No. 22-1299 (JRT/BRT)

**ORDER**

---

This matter comes before the Court on two motions recently filed by Plaintiff Eugene Laron Johnson: a motion to appoint counsel and a motion for an extension on his response to Defendants' motion to dismiss. (Doc. Nos. 46, 48.) The Court addresses Plaintiff's motions below.

**Motion to Appoint Counsel (Doc. No. 46)**

Plaintiff filed a Motion to Appoint Counsel on September 22, 2022. (Doc. No. 46.) In it, Plaintiff requests that the Court appoint him counsel because he lacks the ability to represent himself. (*Id.* at 2.) Pro se litigants do not have a constitutional or statutory right to counsel in civil cases. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel is a matter of the court's discretion. *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). The standard for appointment of counsel in such cases is whether both petitioner and the court would benefit from the assistance of counsel. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986); *see also Plummer v. Grimes*,

87 F.3d 1032, 1033 (8th Cir. 1996) ("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel[.]"). Among the factors the court should consider are "the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues." *Nachtigall v. Class*, 48 F.3d 1076, 1081–82 (8th Cir. 1995).

Here, Plaintiff brings claims under 42 U.S.C. § 1983 for deliberate indifference and several state tort claims. The facts pleaded by Plaintiff in his Amended Complaint do not present complex factual or legal issues that would warrant appointment. Nor does the Court find that Plaintiff is unable to investigate the facts or articulate his claims to the Court. Accordingly, after reviewing the factors, the Court finds that this case does not warrant the appointment of counsel at this time. Thus, based upon the Court's consideration of all the files, records and proceedings herein, Plaintiff's motion to appoint counsel (Doc. No. 46) is **DENIED**.

**Motion for Extension of Time to File Response (Doc. No. 48)**

Plaintiff has filed a motion requesting an extension on his response deadline to Defendants' motion to dismiss. The motion is dated September 18, 2022, and was mailed to the Court, where it was eventually received and filed on September 22, 2022. While Plaintiff's motion was in transit to the Court, the Court responded on September 19, 2022, to a letter from Plaintiff also requesting an extension on his response to Defendants' motion to dismiss. (Doc. No. 45.) The Court granted Plaintiff's request and extended his responsive deadline to September 28, 2022. (*Id.*) As the Court iterated in its

September 19, 2022 Order, Plaintiff's response must be filed on or before **Wednesday, September 28, 2022**. (*Id.*) Because the Court has already addressed and granted Plaintiff's request for an extension, Plaintiff's motion is **DENIED** as moot.

    **SO ORDERED.**

Dated: September 23, 2022                    *s/ Becky R. Thorson*
                                                  BECKY R. THORSON
                                                  United States Magistrate Judge