**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| Eugene Laron Johnson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MCF – St. Cloud; S. Holzapfel, Nurse;<br>and A. Zamora, Health Services<br>Supervisor,<br><br>　　　　　Defendants. | Civ. No. 22-1299 (JRT/BRT)<br><br>**REPORT AND<br>RECOMMENDATION** |

BECKY R. THORSON, United States Magistrate Judge.

This case arises from *pro se* Plaintiff Eugene Laron Johnson's claims under 42 U.S.C. § 1983 alleging that medical staff at Minnesota Correctional Facility – St. Cloud ("MCF-St. Cloud") have been deliberately indifferent to his medical needs. Plaintiff requests monetary damages and injunctive relief. For the reasons stated below, this Court recommends that Defendants' motion to dismiss (Doc. No. 35) be granted in part and denied in part.

## BACKGROUND

Plaintiff is an inmate who suffers from inguinal hernias. (Doc. No. 11-1 ("Am. Compl.") 1.) Plaintiff alleges that on April 6, 2022, during a medical intake at MCF-St. Cloud, Defendant "Nurse S. Holzapfel" made him "wait until last to be seen" while she saw other inmates. (*Id.*) While he was waiting, Plaintiff states Holzapfel "alerted" the correctional officers "in an attempt to get them to target and treat [him] cruel and unfair."

(*Id.*) He also alleges that Holzapfel showed another inmate the contents of Plaintiff's medical file, telling the inmate that Plaintiff was "going to be seen last, I already know his problem, see look he got hernias and is going to make my job hard by asking all kinds of questions." (*Id.*) When Plaintiff was eventually seen, Holzapfel allegedly discontinued his prescription for Ibuprofen despite "knowing of [his] constant pain" and denied Plaintiff a bottom bunk restriction, even though Holzapfel knew Plaintiff needed surgery for his two inguinal hernias. (*Id.*) According to Plaintiff, this caused him "unnecessary pain and suffering." (*Id.*) Sometime after his visit with Holzapfel, another medical professional restarted Plaintiff's Ibuprofen prescription to help with the pain and also provided Plaintiff with a hernia belt. (*Id.*) In addition to the above, Plaintiff alleges that on May 12, 2022, Defendant Zamora, the Health Services Administrator, refused to provide Plaintiff "with the name of the nurse that did [his] intake at MCF-St. Cloud." (*Id.*)

Plaintiff claims that Holzapfel "intentionally performed medical malpractice and discriminated" against him because of his "sex, race, age and disability," caused him "unnecessary pain and suffering," and "deliberately violated the Minnesota Government Data Practices Act" when she displayed his medical file to another inmate. (Am. Compl. 1.) He also claims that Zamora intentionally obstructed justice "in an attempt to prevent [Plaintiff] from taking civil action" by refusing to provide Plaintiff with Holzapfel's name. (*Id.*) Finally, he claims that "[a]ll defendants knew or should have reasonably known that they were discriminating, obstructing justice and performing medical mal

2

practice [sic] with all their intentional and reckless negligence." (*Id.* at 1–2.) He states seven counts:

> 2 Counts of Obstruction of Justice
> 2 Counts of Medical Mal Practice [sic]
> 1 Count of Discrimination
> 1 Count of Cruel and Unusual Punishment
> 1 Count of Intentional Infliction of Emotional Distress.

(*Id.* at 2.) Plaintiff brings his claims against Defendant MCF-St. Cloud, as well as Defendants Holzapfel and Zamora in their personal capacities only.[1] For relief, he requests $20,000,000 and injunctive relief in the form of Defendant Holzapfel and Zamora's employment termination. (*Id.*)

## DISCUSSION

Defendants move to dismiss the case in its entirety. Defendants argue that Plaintiff's § 1983 claim for damages is barred by sovereign and qualified immunity. (*See* Doc. No. 31, Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.").) Defendants also argue that Plaintiff's state law claims should be dismissed because they are inadequately plead. Plaintiff filed a responsive memorandum on September 29, 2022, opposing Defendants' motion to dismiss. (*See generally* Doc. No. 51, Pl.'s Resp. to Mot. to Dismiss ("Pl.'s Resp.").)

---

[1] On June 30, 2022, the Court directed Plaintiff to provide a one-page addendum to his Amended Complaint specifying whether Defendants S. Holzapfel and A. Zamora were being sued under § 1983 in their personal capacities, their official capacities, or both. (Doc. No. 13.) Pursuant to the Court's June 30 Order, Plaintiff filed a one-page addendum clarifying that Defendants Holzapfel and Zamora were only being sued in their personal capacities and that he did not wish to sue Defendants Holzapfel and Zamora in their official capacities. (Doc. No. 14.)

### A. Standard of Review

When considering a motion to dismiss pursuant to Rule 12(b)(6), the pleading is construed in the light most favorable to the non-moving party, and the facts alleged in the complaint must be taken as true. *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In addition, a court must afford the plaintiff all reasonable inferences from the allegations pleaded. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677 (quoting *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While a plaintiff need not set forth detailed factual allegations, or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009).

### B.     Plaintiff's 42 U.S.C. § 1983 claims

Plaintiff brings claims under 42 U.S.C. § 1983 for deliberate indifference, discrimination, and "obstruction of justice."[2] Defendants argue that Plaintiff's § 1983 claims are barred by sovereign and qualified immunity.

#### 1.  Sovereign Immunity

Defendants argue that Plaintiff's § 1983 claims against MCF-St. Cloud are barred by sovereign immunity. Sovereign immunity is a jurisdictional, threshold matter that is properly addressed under Rule 12(b)(1). *See Lors v. Dean*, 746 F.3d 857, 861 (8th Cir. 2014); *Brown v. United States*, 151 F.3d 800, 803–04 (8th Cir. 1998). A motion pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges whether the Court has subject-matter jurisdiction. The party asserting subject-matter jurisdiction bears the burden of proof. *See Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The Eleventh Amendment bars claims for damages by private parties against a state. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618–19 (8th Cir. 1995). Minnesota has not waived its Eleventh Amendment immunity from suit in federal court. *See*

---

[2]     Plaintiff also mentions in his Amended Complaint a Minnesota Government Data Practices Act violation. However, he does not list this violation as one of his separately alleged counts. Instead, he appears to include it in his discussion of his § 1983 claims against Defendant Holzapfel. However, a § 1983 claim must be premised on a federal—not state—right. *See McDonough v. Toles*, 476 F. Supp. 3d 882, 888 (D. Minn. 2020) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States[.]") (internal quotation omitted). Thus, to the extent Plaintiff alleges a violation of the Minnesota Data Practices Act via § 1983, it fails.

*DeGidio v. Perpich*, 612 F. Supp. 1383, 1388–89 (D. Minn. 1985). And Congress has not abrogated immunity to § 1983 claims. *Burke v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991).

Here, Plaintiff has named MCF-St. Cloud, a state entity, as a Defendant. Because Minnesota has not waived its Eleventh Amendment immunity, his § 1983 suit against the state is barred under the Eleventh Amendment. Accordingly, this Court recommends dismissal of Plaintiffs' § 1983 claim against Defendant MCF-St. Cloud.

### 2. Plaintiff's Deliberate Indifference Claim

Plaintiff's Amended Complaint alleges that Defendant Holzapfel was deliberately indifferent to his medical needs when she delayed his intake, discontinued his Ibuprofen, and denied him a bottom-bunk restriction. Defendants argue that qualified immunity bars Plaintiff's claim.

"Qualified immunity shields government officials from liability unless the conduct violates clearly established statutory or constitutional rights of which a reasonable person would know." *Ferguson v. Short*, 840 F.3d 508, 510 (8th Cir. 2016). When analyzing a claim of qualified immunity, courts examine "(1) whether the facts alleged or shown, construed most favorably to the plaintiffs, establish a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would have known that the acts were unlawful." *Small v. McCrystal*, 708 F.3d 997, 1003 (8th Cir. 2013). To prevail at this stage of the proceedings, Defendants must show that they are entitled to qualified immunity on the face of the complaint. *Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005).

### i. Constitutional Right

Defendants argue that Holzapfel is entitled to qualified immunity because Plaintiff has not alleged sufficient facts establishing an Eighth Amendment violation for deliberate indifference. "It is well established that deliberate indifference to a prisoner's serious medical needs is cruel and unusual punishment in violation of the Eighth Amendment." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quotations and alterations omitted). "To show deliberate indifference, plaintiffs must prove an objectively serious medical need and that prison officials knew of the need but deliberately disregarded it." *Id.* "Prisoners may prove deliberate indifference by showing that the total deprivation of medical care resulted in pain and suffering." *Id.*

In considering whether Plaintiff has sufficiently established a deliberate indifference claim, this Court is "required to treat the facts alleged in the complaint as true and make all reasonable inferences in favor of the plaintiff." *Barton v. Taber*, 820 F.3d 958, 967 (8th Cir. 2016). "This is a highly deferential standard, as opposed to that at the summary judgment stage, at which the parties must support their factual assertions with citations to an established record." *Id.* A complaint alleging deliberate indifference need only be "marginally sufficient." *Id.*; *see also Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable, and that a recovery is very remote and unlikely.") (quotations omitted). A court should not dismiss a complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Wickner v. Bender*, No. 12-CV-1452 (DWF/FLN), 2018 WL 4346222, at *4 (D.

Minn. July 19, 2018) (quotations omitted), *report and recommendation adopted*, 2018 WL 4339615 (D. Minn. Sept. 11, 2018).

Here, Plaintiff alleges that Defendant Holzapfel knew he suffered from constant pain due to his inguinal hernias and that he needed surgery for his hernias. However, despite knowing this, she allegedly delayed his intake procedure, discontinued his Ibuprofen prescription, and did not allow him a bottom bunk restriction (a restriction Plaintiff alleges he had in place at a previous correctional facility). This deliberate disregard, Plaintiff alleges, caused him pain and suffering, which was not alleviated until another health professional restarted his Ibuprofen and provided him with a hernia belt. Under these facts, this Court finds that Plaintiff has satisfied the pleadings to, at a minimum, allege that he suffered from an objectively serious medical need (multiple hernias allegedly requiring surgery[3]) and that Defendant Holzapfel knew of but deliberately disregarded his serious medical need by allegedly delaying his treatment and discontinuing his bottom bunk restriction and prescribed pain medication. *See, e.g.*, *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795–96 (8th Cir. 2006) (holding the plaintiff had raised a genuine issue of fact where jail employees allegedly failed to issue the plaintiff's medication and assign the plaintiff a bottom bunk despite his serious medical need); *see also Dadd v. Anoka Cnty.*, 827 F.3d 749, 757 (8th Cir. 2016) (holding that plaintiff, a pretrial detainee, had established a constitutional violation where deputies and

---

[3]   "Courts in this circuit and the Eighth Circuit Court of Appeals itself have repeatedly confirmed that a hernia requiring surgery constitutes a serious medical need." *Brodigan v. Swink*, No. 4:18-CV-00273-JAR, 2021 WL 825842, at *5 (E.D. Mo. Mar. 4, 2021) (citing *Johnson v. Lockhart*, 941 F.2d 705 (8th Cir. 1991)).

a jail nurse ignored his complaints of pain and requests for treatment and did not provide him his previously prescribed pain medication). Defendant may later present evidence showing she was not actually aware of the seriousness of Plaintiff's needs or did not deliberately disregard them; "but as of now, the Court's review is limited to the facts alleged in the Complaint." *Vogt v. Crow Wing Cnty.*, No. 021-CV-1055 (WMW/KMM), 2021 WL 6275271, at *5 (D. Minn. Nov. 1, 2021), *report and recommendation adopted*, 2022 WL 37512 (D. Minn. Jan. 4, 2022); *see also Joseph v. Wheeler*, No. 2:19-CV-22 AGF, 2022 WL 1136135, at *4 (E.D. Mo. Apr. 18, 2022) ("Mindful of the liberal standards applicable at this stage of litigation, and viewing all facts and inferences in Plaintiff's favor, the Court cannot say from Plaintiff's pleadings alone that he cannot establish deliberate indifference or that Defendants are entitled to qualified immunity at this time.").

Defendants argue that Plaintiff's treatment delay was minimal and that Holzapfel's actions constitute a medical judgment that, at most, rises to negligence, not the higher standard of deliberate indifference. (Defs.' Mem. 7–8.) But, as already discussed, when reviewing a motion to dismiss, this Court must construe Plaintiff's allegations in the light most favorable to Plaintiff. So long as Plaintiff's allegations, at a minimum, satisfy the pleading requirements, Plaintiff has, at this stage, alleged enough to establish a constitutional violation. *See, e.g.*, *Haynes v. Iten*, No. 17-CV-5217 (DSD/HB), 2018 WL 3850735, at *5 (D. Minn. July 20, 2018) ("After careful review of the pleadings, the Court finds that [the plaintiff's] allegations against [the correctional health services employee], while thin, are adequate to allege a claim against her for deliberate

9

indifference to his serious medical needs in violation of the Eighth Amendment."), *report and recommendation adopted*, No. 17-CV-5217 (DSD/HB), 2018 WL 3848442 (D. Minn. Aug. 13, 2018).

Accordingly, viewing the facts alleged in the light most favorable to Plaintiff, this Court concludes that, while thin, Plaintiff's allegations are sufficient to satisfy the pleading requirement for establishing a constitutional violation.

### ii.   Cleary Established Right

Defendants argue that, even if there was a constitutional violation, Plaintiff's right was not clearly established. "For the right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Clinton v. Garrett*, 49 F.4th 1132, 1143 (8th Cir. 2022). It is not necessary to have a prior "case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *see also Johnson v. Carroll*, 658 F.3d 819, 828 (8th Cir. 2011) ("Although earlier cases need not involve fundamentally or materially similar facts, the earlier cases must give officials fair warning that their alleged treatment of the plaintiff was unconstitutional.").

This Court finds that Plaintiff's alleged violation was clearly established at the time of the alleged misconduct. The Eighth Circuit has held that constitutional liability may follow where jail employees fail to issue an inmate's previously prescribed medication, delays their treatment, or fails to assign that inmate a bottom bunk in light of a serious medical need. *See, e.g.*, *Phillips*, 437 F.3d at 795–96; *see also Dadd*, 827 F.3d

10

at 757 ("When an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow."). Here, Plaintiff alleges that Defendant discontinued previously prescribed treatment and delayed treatment. A reasonable official would have understood that such an action could bring about liability. *See Dadd*, 827 F.3d at 757; *see also Foulks v. Cole Cty., Mo.*, 991 F.2d 454, 455–57 (8th Cir. 1993) (holding there was liability where jail officials disregarded an instruction sheet from the plaintiff's doctor and refused to provide medication they were aware was prescribed); *Majors v. Baldwin*, 456 Fed. Appx. 616, 617 (8th Cir. 2012) (holding that plaintiff had established a deliberate indifference claim where defendants withheld prescribed pain medication). Thus, the unlawfulness of Defendant Holzapfel's alleged action, in light of pre-existing law, would have been apparent, even if the facts may not have been factually identical to previous cases. *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 533 (8th Cir. 2009) ("[A]n Eighth Amendment claimant need not identify a factually identical case to satisfy the 'clearly established' requirement.").

It may be that when the facts are developed in this case, Holzapfel will be entitled to a judgment in her favor. But again, at this point in the proceedings, this Court must accept Plaintiff's factual allegations. Therefore, this Court concludes that Plaintiff has plausibly alleged that Holzapfel violated his clearly established constitutional rights by exhibiting deliberate indifference to his medical needs. Accordingly, Defendant Holzapfel is not entitled to qualified immunity at this stage.[4]

---

[4] To the extent Plaintiff also alleges a deliberate indifference claim against Defendant Zamora, this Court finds that Plaintiff has not pled sufficient facts showing

11

### iii. Plaintiff's Discrimination Claim

Plaintiff alleges that Defendant Holzapfel discriminated against him because of his "sex, race, age and disability" and had the correctional officers "target and treat [him] cruel and unfair." (Am. Compl. 1.) He also alleges that "[a]ll defendants knew or should have reasonably known that they were discriminating" against him "with all their intentional and reckless negligence." (*Id.*) Under the Equal Protection Clause of the Fourteenth Amendment, public officials must "treat similarly situated people alike." *Klinger v. Dep't of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994). "Thus, the first step in an equal protection case is determining whether the plaintiff has demonstrated that []he was treated differently than others who were similarly situated to h[im]." *Id.*

Here, Plaintiff as not sufficiently pled that he was treated differently from similarly situated inmates. *See Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999) (holding that an equal protection analysis begins by asking whether the inmate has shown that he has been treated differently than others similarly situated). The only inmates Plaintiff mentions are the ones who were seen before him during intake, but he does not identify their races, sex, ages, or disability status such that it could be inferred that he was treated differently. Plaintiff has also not established that Plaintiff's race, sex, age, or disability status was a motivating factor in any of the Defendants' decisions. *See*

---

that Defendant Zamora was deliberately indifferent to his serious medical needs. Plaintiff alleges that Zamora did not provide Plaintiff with the name of the nurse that performed his medical intake. But Plaintiff has not shown how Zamora's failure to provide Plaintiff the nurse's name constitutes a deliberate disregard for his hernias.

*Hodgson v. Fabian*, No. 08-CV-5120 (JNE/SRN), 2009 WL 2972862, at *14 (D. Minn. Sept. 10, 2009) ("To succeed on an equal protection claim, an inmate must show not just that he was treated differently, but that the prison's actions were motivated by intentional or purposeful discrimination."). Therefore, Plaintiff has failed to allege sufficient facts to establish a discrimination claim, and this Court recommends that Plaintiff's discrimination claim be dismissed from this action.

### iv. Plaintiff's "Obstruction of Justice" Claim

Plaintiff also alleges two counts of obstruction of justice against Defendants. Although Plaintiff titles his claim "obstruction of justice," the Court construes Plaintiff's pleadings liberally in his favor as alleging a claim of a violation of the right of meaningful access to the courts because obstruction of justice is not a cognizable claim under 42 U.S.C. § 1983. *See, e.g.*, *Bandy v. Comm'r of Correction*, No. 13-CV-2209 (JRT/LIB), 2016 WL 8732632, at *11 (D. Minn. Jan. 29, 2016) (construing a plaintiff's obstruction of justice claim as an access-to-the-courts claim), *report and recommendation adopted*, 2016 WL 1271469 (D. Minn. Mar. 31, 2016). To prevail in an access-to-the-courts claim, a litigant must demonstrate that a defendant intended to restrict his court access; merely showing that their actions had the collateral effect of doing so is insufficient. *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005) (citing *Whisman v. Rinehart*, 119 F.3d 1303, 1313 (8th Cir. 1997); *Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1428 (8th Cir. 1986)).

Here, Plaintiff claims that Defendant Zamora, by refusing to provide Plaintiff with Holzapfel's name, obstructed justice "in an attempt to prevent [Plaintiff] from taking civil

13

action." (Am. Compl. 1.) He also claims all Defendants obstructed justice through "their intentional and reckless negligence." (*Id.* at 1–2.) Plaintiff, however, has not sufficiently pled that Zamora, let alone any of the Defendants, intended to restrict his court access. He also fails to specify how the other Defendants restricted his access to the courts. Because Plaintiff has not alleged sufficient facts to bring an access-to-courts claim, this Court recommends that Plaintiff's "obstruction of justice" claim be dismissed from this action.

### C. Plaintiff's State Law Claims

In addition to his federal claims, Plaintiff alleges state claims of medical malpractice and intentional infliction of emotional distress. To state a medical malpractice claim in Minnesota, a plaintiff must show several elements: (1) the standard of care recognized by the medical community as applicable to the particular defendant's conduct, (2) that the defendant departed from that standard, (3) that the defendant's departure from that standard was a direct cause of the patient's injuries, and (4) damages. *See, e.g.*, *Tousignant v. St. Louis Cnty.*, 615 N.W.2d 53, 59 (Minn. 2000). Plaintiff has not alleged a standard of care nor any facts that any of the Defendants departed from the applicable standard of care. Plaintiff is also subject to the mandated affidavit requirements established in Minn. Stat. § 145.682, and because he has not served an affidavit of expert review with his summons and complaint, his failure mandates dismissal of his medical malpractice claim. *See, e.g.*, *Flores v. United States*, 689 F.3d 894, 900 (8th Cir. 2012) ("[T]he consequence of noncompliance [with Minn. Stat. § 145.682, subd. 2] is dismissal of the claim with prejudice."); *Chizmadia v. Smiley's Point Clinic*, 873 F.2d 1163, 1164 (8th Cir. 1989) ("Failure to comply with section 145.682

14

results in mandatory dismissal with prejudice."). Accordingly, Plaintiff has failed to plead a medical malpractice claim.

As for Plaintiff's intentional infliction of emotional distress ("IIED") claim, to properly allege an IIED claim in Minnesota, a plaintiff must show the conduct complained of was extreme and outrageous; the conduct was intentional or reckless; the conduct caused distress; and the distress was severe. *Salier v. Walmart, Inc.*, No. 22-CV-0082 (PJS/ECW), 2022 WL 3579752, at *4 (D. Minn. Aug. 19, 2022). For a defendant's conduct to be extreme and outrageous it must be "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." *Id.* (quotations omitted). Here, the conduct Plaintiff alleges, as already discussed above, does not rise to this extreme and outrageous standard. *See Shank v. Carleton Coll.*, 232 F. Supp. 3d 1100, 1113 (D. Minn. 2017) (explaining that the tort of IIED under Minnesota law is "sharply limited to cases involving particularly egregious facts") (quotations omitted). Accordingly, this Court finds that Plaintiff has failed to sufficiently plead an IIED claim. Because Plaintiff has failed to sufficiently plead either a medical malpractice or IIED claim, this Court recommends that these state claims be dismissed from this action.

### D. Plaintiff's Request for Injunctive Relief

As part of his requested relief, Plaintiff asks for injunctive relief in the form of Defendants Holzapfel's and Zamora's employment termination. Defendants argue that Plaintiff is not entitled to his requested injunctive relief. This Court agrees. Courts do not have authority to terminate the employment of individual Defendants. *See, e.g.*, *Kendrick*

*v. Faust*, No. 1:07CV00025JMMBD, 2009 WL 1972249, at *2 (E.D. Ark. July 8, 2009) ("Finally, several of Plaintiff's requests, including the termination of certain Defendants' employment from the ADC, are matters to be decided by prison personnel, not the courts."); *Nicholas v. Hunter*, 228 F. App'x 139, 141 (3rd Cir. 2007) ("The remaining relief requested is not available as the District Court lacks authority to order . . . the termination of [the defendants'] employment."); *Theriot v. Woods*, No. 2:09-CV-199, 2010 WL 623684, at *4 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"). Accordingly, Plaintiff is not entitled to injunctive relief on his claims.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. No. 35) be **GRANTED IN PART** and **DENIED IN PART**:

   a. Defendants' motion is granted insofar as Plaintiff's claims against Defendants MCF-St. Cloud and A. Zamora be **DISMISSED** without prejudice;

   b. Defendants' motion is further granted insofar as Plaintiff's discrimination claim, "obstruction of justice" claim, state-law claims, and request for injunctive relief be **DISMISSED** without prejudice;

   c. Defendants' motion is otherwise **DENIED** as to Plaintiff's deliberate indifference claim against Defendant S. Holzapfel; and

2.  Defendants MCF-St. Cloud and A. Zamora be terminated from this action.

Dated: November 10, 2022          *s/ Becky R. Thorson*
                                  BECKY R. THORSON
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).